UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-141-GWU

JENNIFER A. STANLEY,                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

### INTRODUCTION

Jennifer Stanley brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the court on cross-motions for

summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to

1

08-141  Jennifer A. Stanley

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

08-141  Jennifer A. Stanley

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

08-141  Jennifer A. Stanley

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th

Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor

to be considered against the plaintiff, Hale v. Secretary of Health and Human

Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-141  Jennifer A. Stanley

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-141  Jennifer A. Stanley

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

6

08-141  Jennifer A. Stanley

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Stanley, a 31-year-old former telemarketer and fast food worker with a "limited" education, suffered from impairments related to a depressive disorder, an anxiety disorder, obesity, and a history of congestive heart failure.  (Tr. 14, 18, 37, 103).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 16).  Since the ALJ determined that the claimant's past relevant fast food work could still be performed, she could not be considered totally disabled.  (Tr. 18-19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Stanley could still perform her past relevant fast food work, the ALJ relied heavily upon the testimony of Vocational Expert Anne Thomas. The hypothetical question initially presented by the ALJ included an exertional limitation to light level work restricted from a full range by such non-exertional

7

08-141  Jennifer A. Stanley

limitations as (1) a restricted ability to perform simple and slightly detailed instructions; (2) a limited ability to sustain attention to complete simple, repetitive tasks for two-hour segments over an eight-hour day; (3) a limited tolerance for interpersonal demands from co-workers and supervisors and ability to adapt to routine changes; (4) a "moderate" limitation of ability to complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (5) a "moderate" limitation of ability to accept instructions, respond appropriately to criticism from supervisors, and to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (Tr. 65-66). In response, Thomas testified that Stanley's past fast food work could still be performed. (Tr. 66). The ALJ then added a "moderate" limitation of ability to tolerate the stress and pressures of day-to-day employment and a "moderate" limitation of ability to respond appropriately to supervision, co-workers, and work pressures in a work setting. (Id.). The witness indicated that the past work could still be done. (Id.). Therefore, assuming that the vocational factors considered by Thomas fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Such treating and examining sources of record as the staff at the Mountain Comprehensive Health Corporation (Tr. 222-

8

08-141  Jennifer A. Stanley

239), the staff at the Harlan Medical Center (Tr. 240-247), Dr. Abdulkader Dahhan (Tr. 248-333), and the staff at Appalachian Regional Healthcare (Tr. 377-415) did not identify more severe physical restrictions than those found by the ALJ.  Dr. Robert Brown, a non-examining medical reviewer, opined that Stanley did not suffer from a "severe" physical impairment.  The ALJ's findings were compatible with these opinions.  Furthermore, the plaintiff did not raise any issues concerning her physical condition.  Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's physical condition.

The ALJ also dealt properly with the evidence of record relating to Stanley's mental status.  Psychologist Jeanne Bennett examined the plaintiff and diagnosed a panic disorder without agoraphobia.  (Tr. 338).  Bennett rated the claimant's Global Assessment of Functioning (GAF) at 50.  (Id.).  Such a GAF suggests the existence of "serious" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The examiner opined that Stanley would have a "moderate" limitation of ability in tolerating the stress and pressure of day-to-day work activity and responding appropriately to supervision, co-workers and work pressure in a work setting as well as a "slight" limitation of ability to sustain attention and concentration toward simple, repetitive tasks.  (Id.).  The hypothetical factors considered by the vocational expert were consistent with these factors.

9

08-141  Jennifer A. Stanley

Stanley sought treatment for her mental problems at the Cumberland River Comprehensive Care Center.  (Tr. 419-445).  Dr. S. Raza diagnosed an anxiety disorder, a possible panic disorder with agoraphobia, a possible generalized anxiety disorder and a possible major depression.  (Tr. 440).  The doctor did not identify specific mental restrictions but did rate the plaintiff's GAF at 70, suggesting the existence of only "mild" psychological symptoms.  (Id.).  Thus, the opinion of the treating source does not suggest the existence of a disabling mental impairment.

Psychologists Stephen Scher (Tr. 340-341) and Laura Cutler (Tr. 372-373) each reviewed the record and opined that Stanley would be "moderately" limited in the ability to complete a normal workday and workweek without interruption from psychologically-based symptoms, to perform at a consistent pace without an unreasonable length and number of rest periods, to accept instruction and respond appropriately to criticism from supervisors and to get along with co-workers or peers without distracting them or exhibiting behavioral extremes.   The hypothetical question was essentially consistent with these opinions.

The aforementioned reports provide substantial evidence to support the administrative decision.

Psychologist Robert Spangler was the only other mental health professional to examine Stanley.  Spangler diagnosed a panic disorder without agoraphobia, a depressive disorder, alcohol abuse in remission, and low average intelligence.  (Tr. 451).  The plaintiff's GAF was rated at 50, suggesting the existence of "serious"

10

08-141  Jennifer A. Stanley

psychological symptoms.  (Id.).  The examiner identified a number of very severe

mental limitations including a "poor/none" ability to deal with work stresses, handle

complex instructions, and demonstrate reliability as well as a "fair" ability to relate

to co-workers, deal with the public, maintain attention and concentration, handle

detailed instructions, behave in an emotionally stable manner and relate predictably

in social situations.  (Tr. 454-455).  The ALJ rejected this opinion as binding.  (Tr.

18).  The claimant asserts that the ALJ did not have sufficient reasons to reject this

opinion.  However, the ALJ cited a number of good reasons for this decision,

including the modest findings made by the treating source at Cumberland River,

inconsistencies in Stanley's statements, and the contrary opinion of Bennett,

another examiner.  (Id.).  Therefore, the court finds no error.

Stanley also asserts that the ALJ erred by rejecting the opinion of Bennett.

As previously noted, the ALJ actually gave the "moderate" restrictions concerning

tolerating the stress and pressure of day-to-day work activity and responding

appropriately to supervision, co-workers and work pressure in a work setting to the

vocational expert who found that the past work could still be done.  The plaintiff

argues that the ALJ erred by not defining "moderate" as "ability in this area is

seriously limited but not precluded."  However, the defendant notes that this

definition of "moderate" is entirely that of the claimant and not mentioned in

Bennett's report.  The defendant asserts that "moderate" is a degree of limitation

used by the Social Security Administration when rating mental limitations and does

08-141  Jennifer A. Stanley

not require further definition. 20 C.F.R. § 404.1520a(c)(4).  The undersigned agrees with the defendant's argument.  Therefore, the court finds that the ALJ properly relied upon Bennett's opinion.

Finally, Stanley asserts that the ALJ erred by omitting a "moderate" limitation in her ability to maintain concentration, persistence and pace which was identified by both the medical reviewers on their Psychiatric Review Technique forms.  (Tr. 354, 368).  The undersigned notes that while this exact language was not used in the hypothetical question, the extensive factors presented, particularly those relating to a limited ability to maintain attention for simple tasks, would essentially cover the limitation.  See Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001).  Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 25th day of February, 2009.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**